UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LORENZO EVANS,<br>       Plaintiff,<br><br>v.<br><br>UNITED STATES, ROBERT T. HART,<br>and ANGELA LOVEGROVE,<br>       Defendants. | C.A. No. 19-279WES |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

On May 16, 2019, *pro se* Plaintiff Lorenzo Evans filed a complaint purporting to sue the United States, Warwick Police Sergeant Robert Hart and the "Fair Housing Director" of the Rhode Island Commission for Human Rights ("CHR"), Angela Lovegrove, pursuant to 28 U.S.C. § 1445, based on the alleged passage of a "Bill of Attainder" by the Rhode Island General Assembly in 1997, in violation of Article I, § 10 of the United States Constitution. ECF No. 1 at 3, 4. Plaintiff accompanied his complaint with a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. The IFP motion was referred to me and I found it insufficient because Plaintiff avers that he owns "stock," ECF No. 2 at 2, but did not include the required information regarding its value. Without this information, the Court cannot determine whether Plaintiff is eligible to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1).

Further, I found that the pleading fails to state a claim, is frivolous in part and is likely barred in part by sovereign and prosecutorial/judicial immunity complaint and also fails to comport with Fed. R. Civ. P. 8(a) and 10(a-b). I issued a report and recommendation (ECF No. 5) on July 2, 2019, recommending that Plaintiff be afforded thirty days from its adoption to amend the pleading, as well as to file a supplement to his sworn IFP application providing

information under the penalty of perjury regarding the nature and present value of the "stock" that he lists. Plaintiff was cautioned that if he failed to do either or both, or if his amended complaint was still deficient, I would recommend that the complaint be dismissed and that the IFP motion be denied.

Plaintiff did not file an objection to my report and recommendation, and it was adopted by Chief Judge Smith on July 31, 2019, in a text order instructing Plaintiff to file an amended complaint that "cures the deficiencies outlined in the Report and Recommendation (ECF No. 5), as well as file a supplement to his sworn IFP application providing information under the penalty of perjury regarding the nature and present value of the stock listed, by 8/30/2019." Text Order of July 31, 2019. As of today's date, Plaintiff has not filed any responsive pleading. Accordingly, I now recommend that Plaintiff's IFP motion (ECF No. 2) be denied and this matter be dismissed.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 11, 2019